IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2018 OCT -2 AM 9: 41

CLERK ___M. aein___
SO. DIST. OF GA.

UNITED STATES OF AMERICA        *
                                *
            v.                  *        CR 315-013-3
                                *
JOAN MARIE PRICE                *

---

## O R D E R

---

On August 10, 2016, Defendant Joan Marie Price was sentenced
to serve a term of imprisonment of 151 months followed by 3 years
of supervised release.  At present, Price has filed a motion for
reduction of sentence.

With only three exceptions, a district court may not modify
a sentence once it has been imposed.  18 U.S.C. § 3582(c).  Under
the first exception, a court may entertain a motion filed by the
Director of the Bureau of Prisons under certain circumstances.  18
U.S.C. § 3582(c)(1)(A).  The second exception references Rule 35
of the Federal Rules of Criminal Procedure for instances when
correcting sentence is proper.  18 U.S.C. § 3882(c)(1)(B).  Rule
35 allows modification upon an order from an appellate court, upon
a motion from the Government, or to correct a computational error
within seven days of sentencing.  Finally, under the third
exception a court may reduce a sentence that was "based on a
sentencing range that has subsequently been lowered by the
Sentencing Commission pursuant to 28 U.S.C. § 944(o)."  18 U.S.C.

§ 3582(c)(2). Price has not asserted that she is entitled to relief under any of these three exceptions.

The Court notes that Price has cited to her "post-sentencing rehabilitation programming" as justification for a sentence reduction. In other words, Price believes that this Court can modify her sentence based upon her good conduct since sentence was imposed. She cites to Sections 5K1.1 and 5K2.0 of the United States Sentencing Guidelines, but these guidelines relate to departures in an offender's guideline range *at sentencing*, not post-sentencing. Further, Section 3E1.1 of the United States Sentencing Guidelines discusses factors that the *sentencing* court considers in determining whether to grant a two-level reduction for acceptance of responsibility. One of those factors (U.S.S.G. § 3E1.1 cmt. note 1(G)) includes "post-*offense*" rehabilitative efforts, not post-*sentence* rehabilitative efforts. Price also cites 18 U.S.C. § 3742(e) as grounds to modify her sentence. This code section, however, does not grant a district court authority to review a final sentence. Taylor v. United States, 2018 WL 703441 (N.D. Ga. Jan. 11, 2018) (citing United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993)). Rather, § 3742(e) sets forth the grounds upon which the court of appeals may consider the appropriateness of an imposed sentence. Section 3742(e) has no application to Price's present circumstance.

2

In short, Price has failed to establish a basis to invoke this Court's authority to modify her sentence. Thus, Price's motion for reduction of sentence (doc. no. 343) is hereby **DENIED.**

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of October, 2018.

_____
UNITED STATES DISTRICT JUDGE