IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2020 SEP 10 A 10: 01

CLERK_____
SO. DIST. OF GA.

UNITED STATES OF AMERICA        *
                                *
    v.                          *        CR 315-013
                                *
JOAN MARIE PRICE                *

———————

O R D E R

———————

Before the Court is Defendant Joan Marie Price's one paragraph letter that asks the Court to place her on home confinement "due to the Covid 19 pandemic." (Doc. No. 356.) To be sure, neither the CARES Act[1] nor any statutory provision vests the district court with such authority. Rather, the placement of an inmate on home confinement remains in the sole discretion of the BOP. E.g., United States v. McCloskey, 2020 WL 3078332, *2-3 (S.D. Ga. Jun. 9, 2020) (quoted and cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).)

---

[1]    The CARES Act refers to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, which allows the Bureau of Prisons to lengthen the amount of time an inmate can be placed on home confinement in light of the pandemic.

The only provision by which a federal court can modify an imposed sentence is 18 U.S.C. § 3582(c).  Section 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early.  Prior to the First Step Act, only the Director of the Bureau of Prisons ("BOP") could bring a motion for compassionate release under this statute.  However, Section 603(b) of the First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring a motion for compassionate release after either exhausting administrative rights to appeal the BOP's failure to bring such a motion or the passage of thirty days from the defendant's unanswered request to the warden for such relief.  18 U.S.C. § 3582(c)(1)(A).  In this case, Defendant does not show that she has complied with this process.  Accordingly, to the extent that Defendant seeks compassionate release, the motion (doc. no. 356) is **DENIED WITHOUT PREJUDICE** because she has failed to exhaust her administrative remedies as required.

**ORDER ENTERED** at Augusta, Georgia, this ___10___ day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE

2